UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **THE SUPERIOR BEVERAGE CO., INC.** | ) ) ) | **CASE NO. 4:05 CV 834** |
| Plaintiff | ) ) | **JUDGE PETER C. ECONOMUS** |
| v. | ) ) ) ) | |
| **SCHIEFFELIN & CO.** *fka* Schieffelin & Somerset Co. | ) ) ) | **ORDER** |
| Defendant | ) | |

----------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| **GOODMAN BEVERAGE CO., INC.,** *et al.* | ) ) ) | **CASE NO. 4:05 CV 868** |
| Plaintiffs | ) ) | **JUDGE PETER C. ECONOMUS** |
| v. | ) ) ) ) | |
| **SCHIEFFELIN & CO.** | ) ) ) | **ORDER** |
| Defendant | ) | |

-1-

This matter is before the Court upon the Plaintiff-Appellee's Motion for Injunction Pursuant to Federal Civil Rule 62 and Appellate Rule 8(a). See (Case No. 4:05 CV 834, Dkt. # 38).

Rule 62(a) of the Federal Rules of Civil Procedure provides, in pertinent part:

Unless otherwise ordered by the Court, an interlocutory or final judgment in an action for an injunction or in a receivership action, or a judgment or order directing an accounting in an action for infringement of letters of patent, shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal. The provisions of subdivision (c) of this rule govern the suspending, modifying, restoring, or granting of an injunction during the pendency of an appeal.

FED. R. CIV. P. 62(a). Subdivision (c) of the rule provides, in pertinent part:

When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

FED. R. CIV. P. 62(c).

Similarly, Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that "a party ordinarily move first move in the district court for . . . an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." FED. R. APP. P. 8(a)(1)(C).

The plaintiff, The Superior Beverage Co. ("Superior"), filed an action on March 30, 2005 against Schieffelin & Co. asserting violations of the Ohio Alcoholic Beverages Franchise Act (the "Act"), OHIO REV. CODE §§ 1333.82 - .87 (2005), and requesting a temporary restraining order. See (Case No. 4:05CV834, Dkt. # 1, Dkt. # 3). The Court granted the motion for a temporary restraining order and scheduled the matter for a

preliminary injunction hearing to be held on April 8, 2005. See (Case No. 4:05CV834, Dkt. # 4).

The parties thereafter stipulated to an extension of the temporary restraining order until June 2, 2005. See (Case No. 4:05CV834, Dkt. # 9).

During a status hearing held on May 13, 2005, the Court raised the issue of abstention and afforded the parties leave to file briefs addressing the matter. See (Case No. 4:05CV834, Dkt. # 25 ). Upon consideration of the record and the parties's submissions, the Court issued a Memorandum Opinion and Order on May 31, 2005 invoking the Thibodaux / Burford abstention doctrine and dismissing Superior's suit without prejudice. See (Case No. 4:05CV834, Dkt. # 36). Schieffelin & Co. filed a Notice of Appeal on June 2, 2005. See (Case No. 4:05CV834, Dkt. # 37).

Superior advances the instant motion requesting the Court to issue an injunction during the pendency of Schieffelin & Co.'s appeal before the United States Court of Appeal for the Sixth Circuit. See (Case No. 4:05CV834, Dkt. # 38). In support of the motion, Superior asserts that Scheiffelin & Co. intends to immediately file forms with the Ohio Division of Liquor Control effectively revoking its right to distribute Scheiffelin & Co.'s products. See (Case No. 4:05CV834, Dkt. # 38, Br. in Support at 4). Superior contends that such conduct will cause it to suffer irreparable harm in the form of lost sales, as well as rendering its complaint moot. See (Case No. 4:05CV834, Dkt. # 38, Br. in Support at 12-13).

As a threshold matter, the Court observes that Rule 65 of the Federal Rules of Civil Procedure authorizes this Court to issue temporary restraining orders for a period of ten

days. See FED. R. CIV. P. 65 (b). The Court may only extend the period for "good cause" or upon the consent of the parties. See id. Here, the parties consented to the extension of the initial temporary restraining order until June 2, 2005. See id. A significant legal issue exists as to whether Rule 62 affords this Court with the authority to impose a temporary restraining order / injunctive relief that extends beyond the parties' agreed upon date of expiration.

Setting aside an interpretation of the Federal Rules of Civil Procedure, this Court's prior reasoning regarding abstention precludes the Court from ordering the requested injunctive relief. As the prior Order indicates, a significant jurisdictional question exists as to whether the Ohio General Assembly intended to vest exclusive jurisdiction over the issues raised in Superior's complaint in the Ohio courts. See (Case No. 4:05CV834, Dkt. # 36) (citing OHIO REV. CODE § 1333.87). Assuming *arguendo* that Superior properly invoked this Court's subject matter jurisdiction, the Court declined to utilize its equitable powers to resolve a dispute that fell exclusively within the state's prerogative as established in the Twenty-first Amendment to the United States Constitution. The Court therefore invoked the abstention doctrine and dismissed the matter without prejudice. To now issue injunctive relief would run contrary to the Court's prior interpretation of the Twenty-first Amendment, the Ohio Beverages Franchise Act, and the abstention doctrine. To the extent that Superior requires injunctive relief to prevent any harm suffered upon Schieffelin & Co.'s filings with the Ohio Division of Liquor Control, it is this Court's interpretation that such request should be made in the Ohio courts of common pleas. See, e.g., OHIO REV. CODE § 1333.87.

Accordingly, the Plaintiff-Appellee's Motion for Injunction Pursuant to Federal Civil Rule 62 and Appellate Rule 8(a), see (Case No. 4:05 CV 834, Dkt. # 38), is **DENIED**.

**IT IS SO ORDERED.**

<u>**/s/ Peter C. Economus - June 7, 2005**</u>
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**